# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-10356-RWZ |
| | ) | |
| | ) | |
| EUGENE TERRELL PATRICK | ) | |

## MOTION FOR SUMMARY DISMISSAL OF REQUEST TO REDUCE SENTENCE UNDER 18 U.S.C. §3582(C)

The government is moving that the Court summarily dismiss the defendant's Motion to Reduce Sentence under 18 U.S.C. §3582(c). It is undisputed that the defendant was sentenced on November 15, 2007, after the effective date of the 2007 crack amendments. As the redacted excerpts from the PSR in this case attached as Exhibit 1 make clear, the Defendant was held responsible for 28 grams of crack cocaine base and was assigned a Base Offense Level of 26 under U.S.S.G. §2D1.1. He therefore had any benefit of the 2007 amendments to which he was entitled and there is no legal basis for any further sentence reduction.

The government also notes that the defendant was sentenced as a career offender because he had two or more prior convictions for a crime of violence or a drug trafficking offense. See U.S.S.G. §4B1.1. See also Judgment of Conviction (November 20, 2007) at 7 (Offense Level 34, CHC VI). The defendant was therefore sentenced not under U.S.S.G. §2D1.1 (the drug guidelines that were reduced as a result of the 2007 crack

amendments), but rather pursuant to U.S.S.G. §§ 4B1.1 and 4B1.2
(the career offender guidelines).  Under a series of cases
recently decided by the First Circuit, this provides a second
reason for dismissing the defendant's motion as a matter of law.
E.g., United States v. Caraballo, 552 F.3d 6 (1st Cir. 2008) and
United States v. Ayala-Pizarro, 551 F.3d 84 (1st Cir. 2008)(both
holding that, where a defendant originally was sentenced as a
career offender rather than as a crack cocaine offender, his
original sentence was not "based on a sentencing range that has
subsequently been lowered" by the retroactive crack cocaine
amendment, and he is therefore ineligible for a sentence
reduction under 18 U.S.C. § 3582(c)(2)).

     As set forth above, however, the Court need not reach this
question because the defendant was sentenced after November 1,
2007 and he therefore had any benefit of the 2007 crack cocaine
amendments to which he could have been entitled. The Motion to
Reduce Sentence must be summarily denied.


                         Respectfully submitted,

                         MICHAEL J. SULLIVAN
                         UNITED STATES ATTORNEY

                    By:  /s/ John A. Wortmann, Jr.
                         JOHN A. WORTMANN, JR.
                         Assistant U.S. Attorney
                         One Courthouse Way
                         Boston, MA
                         (617) 748-3207